# Harrisburg Foundry and Machine Works *v.* Lebanon City.

*Municipalities—Municipal contracts—Evidence—Question for jury.*

An ordinance of a city authorized the highway committee after proper investigation and a satisfactory trial of a steam road roller, to enter into a contract to purchase the same. After investigation the highway committee accepted an offer from a manufacturing company, which contained a requirement that if it was demonstrated on the trial of the roller that it was competent to do the work for which it was constructed, the city was to accept it, and pay the price thereof. The roller was taken to the city, and after the period of testing had expired and after a competent person selected by members of the committee had carefully inspected it and declared that the best material and best workmanship were used in building it, the roller was delivered by direction of two or more members of the committee at a place designated by them for it. There was evidence that a majority of the committee subsequently disavowed the acceptance of the roller. Some of the members of the committee testified that the roller did not do its work satisfactorily. *Held*, in a suit to recover the contract price that the court erred in giving binding instructions for the defendant.

Argued Feb. 16, 1899. Appeal, No. 429, Jan. T., 1898, by plaintiff, from judgment of C. P. Lebanon Co., Dec. T., 1895,

No. 72, on verdict for defendant, in case of Harrisburg Foundry & Machine Works v. Lebanon City. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.   Reversed.

Assumpsit on a contract for the purchase of a steam road roller. Before E. W. BIDDLE, P. J., specially presiding.

At the trial it appeared that on April 15, 1895, the following ordinance was passed by the council of the city of Lebanon.

" That a steam road roller be purchased for use in making repairs and constructing of highways and streets in said city.

"Section 2. That the highway committee of said councils be, and the same is hereby authorized, after a proper investigation into the art of repairing and constructing of highways and streets with the use of a steam road roller, and after a satisfactory trial of such apparatus, to enter into a contract for the purchase of a steam road roller for use as aforesaid.

"Section 3. That the sum of $3,400, or as much thereof as may be necessary, be, and the same hereby is appropriated for the purchase of said steam road roller."

On August 1, 1895, the Harrisburg Foundry and Machine Works submitted a proposition in writing to the highway committee of the city of Lebanon, which had previously visited the appellant's shops, and inspected and observed the operation of its road rollers, for the sale of one of its steam rollers, which proposition was accepted in writing by said highway committee.

This proposition, after particularly describing the roller, is as follows, viz :

" We will deliver this roller in your city, and furnish a competent man to unload same, you furnishing all necessary assistance, fuel, oil, etc., and operate it upon the streets of your city for a period of one week, and if the roller, during such test, is found to be competent to do the work for which a steam roller is constructed and intended, rolling, spiking up the surface of old ' macadam ' streets, working upon grades of upwards of sixteen per cent in a proper manner, you are to receive the same and pay us the sum of $3,250. We further guarantee that this roller is well made, of first-class material and workmanship, and if any of the parts should give way on account of defects in either, within one year from date of delivery, we will furnish you duplicate parts free of charge."

After the signature of appellant's representatives to this proposition is the following, viz:

"The above proposition is hereby accepted."

This was signed by the members of the committee.

After the termination of the test required by the contract, the roller, by the direction of the committee, or of certain members of the committee, was placed in a shed designated by the committee.

The majority of the committee subsequently disavowed the acceptance, and several of them testified that the roller did not do its work satisfactorily.

The court charged as follows:

We have concluded to sustain the motion for binding instructions to you to render a verdict in favor of the defendant, for the following reasons: The ordinance which was approved on June 14, 1895, authorized the highway committee to enter into a contract for a steam road roller only after a satisfactory trial thereof. It is clear that no power was delegated to the committee to make a contract prior to such satisfactory trial, and there is no evidence at all that a contract was entered into after a trial of the machine was made upon the Lebanon streets. In view of the action of the highway committee on August 1, 1895, as is shown by its minutes, which expressly gave to the plaintiff company merely the privilege of bringing one of the rollers to Lebanon for trial, with the right to the committee to purchase it for $3,250 if satisfactory, and the subsequent action of the committee on August 15, 1895, refusing to buy the machine, there is no good reason why any one connected with the matter should have considered that a sale had been made. The fact, which for the present purpose we assume to be established, that the signatures of six of the members of the highway committee were attached to the clause, "The above proposition is hereby accepted," we regard as not material, because, as we have seen, they had no power to make a contract in regard to the roller until a satisfactory trial had been made. That its work was not satisfactory to the committee is shown by the testimony of several of the members and by their official action in declining to purchase it.

Our conclusion, therefore, is that, under the testimony in

the case, the jury would not be warranted in finding that the highway committee purchased the machine, or accepted it, or took possession of it, or used it, or that the city of Lebanon has ever received anything of value in the transaction. Being of the view that the reasons just given are vital to the suit in controversy, we will not, at this time, discuss any of the other phases of the case, or any of the other legal points which were raised at the trial. We can do that hereafter, if it should be deemed best that the court do so in reviewing the determination which has just been reached.

The prothonotary will therefore take your verdict in favor of the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was the charge of the court, quoting it.

*Thomas H. Capp*, with him *J. P. S. Gobin* and *Samuel J. M. McCarrell*, for appellant.

*W. D. Fisher*, for appellee, offered no verbal argument, but submitted a printed brief.

OPINION BY MR. JUSTICE McCOLLUM, April 16, 1900:

The ordinance providing for the purchase of a steam road roller for use in the repair and construction of highways and streets in the city of Lebanon, appropriated $3,400 for that purpose, and authorized the highway committee, after a proper investigation and satisfactory trial to enter into a contract for such purchase. An offer was made to the committee by the Harrisburg Foundry and Machine Works to furnish one of their latest improved double engine steam road rollers for $3,250. The offer was in writing and specified and explained the component parts of the roller together with the materials of which they were constructed. The offer also included a promise of the Harrisburg Foundry and Machine Works to deliver the roller in the city of Lebanon, and to furnish a competent man to supervise the unloading of it, and to operate it on the streets of said city for a period of one week,

upon the condition, that if the roller during such test was found to be competent to do the work for which it was constructed and intended, the city should accept the same, and pay for it the sum specified in the offer. The Harrisburg Foundry and Machine Works guaranteed that the roller was well made of first-class material and workmanship, and agreed that if any parts should give way on account of defects in either within one year from date of delivery, they would duplicate the parts free of charge. The offer was signed by the representative of the Harrisburg Foundry and Machine Works, and directly below the signature there was an acceptance of the offer signed by the highway committee. The roller was brought to the city and operated there in accordance with the offer. At the close of the period prescribed for the operation of the roller for the purpose of testing it, and after a competent person selected by members of the committee had carefully inspected it and declared that the best material and best workmanship were used in building it, the roller was delivered, by direction of two or more members of the committee, at a place designated by them for it. This delivery appears to have been considered by the Harrisburg Foundry and Machine Works and their agent as an acceptance by the city of their offer. The subsequent action of the highway committee tended to show that a majority of its members did not so regard it.

The Harrisburg Foundry and Machine Works brought suit against the city for the recovery of the sum specified in their offer as the price of the roller. On the trial of the case in the court below the jury were directed to render a verdict for the defendant on the ground that a satisfactory trial of the roller was not shown by the evidence. Prior to the delivery of the roller at the place provided for it there was no intimation from the committee that it was defective or that they were dissatisfied with the trial of it. This was a circumstance from which it might be inferred that the committee were satisfied with the roller.

We have already seen that it was a requirement of the offer that if it was demonstrated on the trial of the roller that it was competent to do the work for which it was constructed the city was to accept it and pay the price thereof. If, therefore, the offer was accepted by the committee with full knowledge of its terms

and conditions, and there was a satisfactory trial of the roller subsequent to their acceptance of the offer, it is by no means certain that the acceptance would release the city from the liability incurred in the transaction.

It seems to us that under the circumstances the questions of fact raised by the testimony admitted on the trial of the case should not have been ignored, but that they should have been submitted to the jury for their determination under proper instructions from the court. An elaborate specification in this opinion of the questions of fact raised by the testimony referred to is not deemed necessary. It may be said, however, that the testimony submitted by the Harrisburg Foundry and Machine Works was sufficient to sustain their contention if credited by the jury, and that the testimony of some of the members of the highway committee was sufficient to defeat it if so credited. Our conclusion is that the court below erred in directing the jury to render a verdict for the defendant.

Judgment reversed and a venire facias de novo awarded.